(110 App. Div. 623.)

## In re EDWARDS.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. APPEAL—WAIVER OF RIGHT—ACCEPTANCE OF BENEFITS.

The act of a special guardian, appointed to protect the rights of an incompetent person on the judicial settlement of the accounts of the committee of the incompetent, in accepting from the committee payment of an allowance made to him by the court for his services and disbursements in the proceeding, is not a waiver of his right to appeal from the decree of the surrogate settling the accounts of the committee.

2. SAME—MOTIONS TO DISMISS—PRESUMPTIONS.

On motion to dismiss an appeal taken by the special guardian of an incompetent person from a decree settling the accounts of the committee of the incompetent, the court cannot determine the merits, but will assume that the special guardian is acting within the line of his duty and has brought the appeal in the real interest of the incompetent.

Chase, J., dissenting.

Appeal from Surrogate's Court.

In the matter of Esther Edwards, an incompetent person. From a decree of the surrogate settling the account of Albert P. Stevens, as committee of said incompetent, Benjamin W. Knower, as special guardian of said incompetent, appeals. On motion to dismiss. Denied.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Buchanan, Lawyer & Whalen, for committee.

Eugene Flanigan, for special guardian.

JOHN M. KELLOGG, J. This is a motion by the respondent to dismiss the appeal to this court taken by the special guardian. Upon an accounting of the committee of the incompetent before the surrogate, the appellant was appointed special guardian of the incompetent, and sought to surcharge the account of the committee and raised certain objections thereto. The decree of the surrogate settled the account, finding in the hands of the committee $1,330.56, and ordered to be paid from the estate the executor's commissions and certain costs, among which was $150 to the special guardian for his services, and his disbursements not to exceed $40. This allowance was paid by the committee to the special guardian, and it is now claimed that the receipt thereof is a waiver of the right of the special guardian to appeal. The special guardian was appointed by the surrogate to protect the rights of the incompetent upon the accounting, and the surrogate awarded costs to him from the estate in payment for his services. He was fairly entitled to be paid for his services without regard to the result upon the accounting, or the result on the appeal, for the estate had the benefit of them. It is fair, therefore, to assume that the same allowance would have been granted him in any decree which the surrogate might make in the premises. His acceptance of the allowance was therefore not inconsistent with his right to appeal, though this allowance was entirely independent from the other provisions of the order, and the acceptance of the money does not prejudice the rights of the committee in any respect. The rule is well stated in Matter of Water Commissioners of Amsterdam, 36 Hun, 534, as follows:

"That this doctrine of waiver is to be applied to those cases only where the appellant has attempted to enforce the order in his favor, or some part thereof connected with or dependent upon such other part, as he seeks to avoid by his appeal or has accepted a benefit having such connection or dependency."

Here the incompetent cannot be prejudiced by reason of the fact that the officer of the court, appointed by the court to protect his rights, has received from the incompetent's estate a just compensation for his services. It does no prejudice or injury to the committee, as, in any event, the estate pays it. The case of Marvin v. Marvin, 11 Abb. Prac. (N. S.) 97, is not an authority to the contrary. There, following a decision of the Court of Appeals in the case, the surrogate annulled the probate of the will, with costs to be paid by the executor proponent, reserving for future consideration whether it should be charged against him personally or from the estate, and directed him to file an account of the property and its disposition. The respondent moved to dismiss

the appeal to the General Term on the ground the proper bond was not given. This motion was granted upon condition that the respondent stipulate that the decree appealed from be modified by striking therefrom all the provisions relating to the inventory, and that he pay $10 costs of the motion. The stipulation was filed and the costs were paid to the appellant. He then appealed to the Court of Appeals from the order, and it was held that accepting the costs which were imposed as a condition of the order was a waiver of his right to appeal. The probate of the will had already been set aside pursuant to the judgment of the Court of Appeals. The estate was not, therefore, interested. The questions at issue upon the appeal from the order related to the executor personally, and not to the estate. The case, therefore, does not hold that an acceptance by an executor of costs of a motion awarded to him deprives the estate of the right to appeal where the estate is aggrieved.

Upon this motion the court cannot determine the appeal. It will assume that the special guardian in making the appeal is acting within the line of his duty and has brought the appeal in the real interest of the incompetent.

The motion to dismiss the appeal is therefore denied, with $10 costs. All concur, except CHASE, J., who dissents.